## TROOST AVE. CEMETERY CO. v. UNITED STATES.

District Court, W. D. Missouri, W. D.
March 3, 1927.

No. 6152.

1. Internal revenue ⊜⟶7(14)—Portion of proceeds of cemetery lots passing to trustee for permanent maintenance held not taxable as "income" (Revenue Act of 1918, § 213 [Comp. St. § 6336⅛ff]).

Proceeds of sale of cemetery lots, not received for use and benefit of seller, but passing simultaneously out of his hands to a third party, holding it as trustee for use and benefit of buyer for permanent maintenance, *held* not to constitute "income," within Revenue Act 1918, § 213 (Comp. St. § 6336⅛ff), or taxable as such.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

2. Internal revenue ⊜⟶7(14)—Interest on trust fund for permanent maintenance of cemetery held not part of gross or taxable net "income" of seller of lots.

Interest accruing on trust fund created for permanent maintenance of cemetery for benefit of purchasers of lots *held* not part of seller's gross income nor taxable net income.

At Law. Action by the Troost Avenue Cemetery Company against the United States. Decree for plaintiff.

Bowersock, Fizzell & Rhodes, of Kansas City, Mo., for plaintiff.

Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo.

OTIS, District Judge. Plaintiff, engaged in owning and selling lots in cemeteries in Kansas City, Mo., brings this action to recover, in count 1, $202.11, alleged by it to have been erroneously assessed as corporation income tax for the year 1917. This amount had been "found due from the plaintiff by the Commissioner on the ground that a certain sum of $3,368.47, designated by said Commissioner as 'additions to reserve for permanent maintenance,' was in fact part of the net income of the plaintiff for the year 1917." Agreed Statement of Facts, par. 8.

With respect to the sum of $3,368.47, referred to, plaintiff's petition alleges that it

was not income; that it was not set aside as a reserve for permanent maintenance, but that it was the amount paid over to a trustee under a trust agreement under an arrangement by which all purchasers of lots contributed to a permanent maintenance fund administered by the trustee. It is alleged that an agreed proportion of the purchase price of a lot is paid by the purchaser to the plaintiff, "and at once paid by the plaintiff to the trustee, and passes through the hands of the plaintiff only as the representative of the purchasers of lots, in depositing such funds with the trustee. The trust fund is held absolutely by the trustee, is not subject to any control by the plaintiff, and is irrevocably and perpetually devoted to the maintenance and beautification of the cemetery, regardless of the existence or nonexistence of plaintiff. Said plaintiff derives, and at any time will derive, no benefit or profit from such fund or the income thereof." Further plaintiff alleges "that neither said fund nor the income therefrom ever became or becomes a part of the assets of the plaintiff; that the fund is not a reserve for future maintenance held and enjoyed or used by the plaintiff, but is entirely independent of the plaintiff and its officers; and that the receipt of this fund from the purchasers of lots and its immediate deposit with the trustee does not constitute income under the terms of the laws of the United States."

Upon the trial the proof amply supported the allegations of fact in plaintiff's petition. The sole question in the case is whether the sums received by a cemetery company from purchasers of lots, and by it paid into a perpetual maintenance trust fund, and the interest accruing upon such fund, are not income subject to taxation as such.

The defendant argues that such receipts are "gross income," within the meaning of the law, and must therefore be "net income," since not included within the "deductions," etc., allowed by law. First, then, are such receipts a part of the plaintiff's "gross income"?

"'Gross income' includes gains, profits, and income derived from * * * sales, or dealings in property * * * or gains or profits * * * derived from any source whatever." Section 213, Revenue Act of 1918 (Comp. St. § 6336⅛ff).

Now, of the $3,368.47 in question here, the proof shows that $1,791.72 was paid in 1917 by purchasers of lots, as a part of the purchase price to the plaintiff, and $1,576.25 was interest accruing during that year upon the amount theretofore placed in trust. These amounts belong in different categories, and should be considered separately.

[1, 2] Certainly the proceeds of sales of property are to be included in the gross income of the seller, if the amounts received are for the use and benefit of the seller; but that is not true of any part of the proceeds which is not received for the seller's use and benefit, but merely passes simultaneously into and out of his hands to a third party, who holds it, not for the use and benefit of the seller, but for the use and benefit of the buyer. That is this case. So this amount was not a part of the plaintiff's gross income, and could not, therefore, be a part of its taxable net income. As for the interest accruing to the trust fund from the fund already in the trustee's hands, the whole fund and accruing interest being free from and independent of the control of plaintiff, in no sense was it received by the plaintiff, so that it was not a part of its gross income, nor of its taxable net income.

While the decisions of administrative boards are not binding on the court, well-reasoned opinions of the Board of Tax Appeals arrive at the same results as that reached here; one of the cases involving this same plaintiff and precisely the same question, but concerning the tax of a different year. Appeal of Los Angeles Cemetery Association, 2 B. T. A. 495, Appeal of Greenwood Cemetery Association, 2 B. T. A. 910; Metairie Cemetery Association v. Commissioner of Internal Revenue, 4 B. T. A. 903; Appeal of the Troost Avenue Cemetery Association, 4 B. T. A. 1169.

The plaintiff should have judgment on the first count for $202.11, with interest from November 14, 1923, and for its costs; on the second count, involving a similar question, but for the year 1918, for $416.14, with interest from October 5, 1923, and for its costs; and on the third count, involving a similar question, but for the year 1919, for $490.67, with interest from October 5, 1923, and for its costs. A decree may be prepared and submitted accordingly.

Plaintiff's requested findings of fact and conclusions of law are allowed. Defendant's requested findings of fact and conclusions of law, except in so far as embodied by reference in plaintiff's request, are denied. Defendant's motion for judgment is overruled.