## AMERICAN CEMETERY CO. v. UNITED STATES.

District Court, D. Kansas, Second Division.
July 18, 1928.

No. 1006.

Buckland, Black, & Todd, of Wichita, Kan., for plaintiff.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan.

McDERMOTT, District Judge. The sole question presented by this case is as to whether or not payments to a certain trust fund shall be taxed as income of the plaintiff. The facts are agreed upon.

Under date of October 16, 1918, the predecessor of the plaintiff applied to the city of Wichita, Kan., for a permit to develop and operate a cemetery. That permission was granted in consideration of a written agreement, which is binding upon the plaintiff, in which agreement it is recited that the city of Wichita has the power of controlling such cemeteries and may be charged with the responsibility of the maintenance thereof, and in order to protect the city of Wichita, the predecessor of the plaintiff agreed to incorporate under the laws of the state of Kansas, and agreed that a trust fund should be created to the amount of $2,500 per acre, the principal of which fund should be held inviolate as a perpetual care fund, and the interest therefrom should be expended for maintenance. It was agreed that a responsible trust company in the city of Wichita should be made trustee, which was later done. To create this fund there was provided that a portion of the purchase money of each lot should be set aside and paid over to the trustee.

Shortly after such contract was entered into with the city of Wichita, the plaintiff corporation was organized under article 13, chapter 17, of the Laws of Kansas (R. S. 1923). Section 5 of such law, being now section 17—1311 of the Revised Statutes of Kansas of 1923, makes it mandatory upon a corporation to fix and set aside not less than 10 per cent. of the purchase price of each burial lot for the permanent maintenance of the cemetery; the sums so set apart shall be invested in first mortgages upon real estate, and the proceeds of such fund "shall be used exclusively for the maintenance of said cemetery." There is an intimation in the brief of the defendant that this statute does not apply. The statute was in force at the time this corporation was organized, and is the only statute applicable, and it is mandatory in terms. It is suggested in the brief, although not in the facts, that the plaintiff has not complied with some other portions of that statute. If true, it has no bearing here. That the plaintiff has not complied with one section of the statute does not relieve it from compliance with another.

As soon as the corporation was organized it entered into a contract with the First Trust Company of Wichita, which is irrevocable, and which provided for the payment to the trust company by the plaintiff of a portion of the purchase price of each lot until

the sum of $2,500 per acre was reached; the trust company assumes the obligation of said trust and agrees that the income shall be paid over to the plaintiff, to be expended for the maintenance and care of the cemetery; any sum not necessary for the actual care and maintenance of the cemetery shall be retained by the trustee. If the terms of this agreement are carried out, the proceeds thereof can only be used for the maintenance and care of the cemetery.

In the deeds of conveyance, the plaintiff guarantees perpetual care of the lot as provided in the agreement between the city of Wichita and the American Cemetery Company, above referred to.

A portion of the proceeds of the sales of lots has been paid to the trustee, in accordance with the statute and the agreement set out above. The query is whether the amount so paid to the trustee shall be considered a part of the income of the plaintiff; or, if so considered as a part of the income, whether a deduction should be allowed on account of the payments made to the trustee. There are several decisions by the Board of Tax Appeals upon the subject, which, taken together, establish a rule of law that appeals to the reason. The rule is this: The moneys derived from the sale of cemetery lots shall be treated as income, and no part of that income may be deducted, for taxation purposes, simply because the cemetery corporation has made a general agreement for perpetual maintenance.

In such a case, the corporation is allowed, as an expense of operation, simply such sums as it may have actually expended for maintenance. If, on the other hand, a trust is created, and a taxpayer is bound, either by statute or its agreement, to pay certain sums into a trust fund, and if such trust fund is entirely beyond its control, and if the principal and income from such trust cannot inure to the benefit of the plaintiff, then the sums paid into the trust are not considered as a part of the plaintiff's income. That is as it should be. It makes no difference whether the plaintiff be considered a mere conduit through which a part of the purchase price is passed on its way to the trust company, or whether the payments to the trustee are considered as a reasonable and fair expense of the business which by contract plaintiff is bound to pay; in either event, such sums cannot fairly be treated as income. The authorities are: Troost Ave. Cemetery Co. v. United States (D. C.) 21 F. (2d) 194; Portland Cremation Association v. Commissioner, 10 B. T. A. 65, decision rendered Jan. 20, 1928, by Board of Tax Appeals; In re Los Angeles Cemetery Association, 2 B. T. A. 495; In re Greenwood Cemetery Association, 2 B. T. A. 910; In re Springdale Cemetery Association, 3 B. T. A. 223; In re Metairie Cemetery Association, 4 B. T. A. 903; In re Troost Ave. Cemetery Association, 4 B. T. A. 1169.

In Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, the Supreme Court defined "income" as property received by the taxpayer "for his separate use, benefit and disposal." In the common acceptation of the term it is difficult to see how the defendant can successfully assert that those sums which the plaintiff places in an irrevocable trust, for the benefit of the lot owners, can be considered as a part of its income. It is true that the existence of this fund probably enables the plaintiff to sell more lots, and to sell them at a better price; but the profit inuring to the plaintiff by reason of such plan is taxable.

It will be noted that the trust agreement provides that the trustee shall pay to the plaintiff so much of the income as is necessary for proper care and maintenance. It is assumed that the plaintiff will use the income from the trust for the purpose of care and maintenance, and that it will charge itself with the receipt of such income from the trustee, and credit itself with actual expenditures for care and maintenance. That question is not presented by this case, and it can be dealt with if occasion should arise. The question in this case is not whether the plaintiff should be charged with the income received from the trustee, but whether it should be allowed a deduction for the sums paid by it to the trustee. The trust being irrevocable, and both the principal and income being forever beyond the reach of the plaintiff for its own use, the amounts paid to the trustee by reason of the statute, or by reason of its contracts with the city of Wichita and the owners, is not taxable income.