Joseph L. STENDIG and Eileen M. Stendig, Plaintiffs,

v.

UNITED STATES of America, Defendants.

Civ. A. No. 85–0100–D.

United States District Court, W.D. Virginia, Danville Division.

May 13, 1987.

John Y. Merrell, Merrell & Callahan, McLean, Va., for plaintiffs.

David C. Hickman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Jennie L. Montgomery, Asst. U.S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

On January 14, 1987, the Court filed a Memorandum Opinion and entered an accompanying Order denying the Plaintiff's Motion for Summary Judgment and granting the Government's Motion for Summary Judgment. 651 F.Supp. 1193. On January 28, Plaintiffs filed a Motion to Alter Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Government subsequently filed a memorandum opposing the motion on February 20, 1987, and Plaintiffs responded thereto on February 23. Oral argument was heard on the motion on May 4, 1987.

■ In Paragraphs 1 through 3 of Plaintiffs' motion, it is alleged that the Court, in its Opinion, confused the "Operating Account" and the "Operating Reserve Account". The Plaintiff is correct in its observation. Section 16 of both of the VHDA Regulatory Agreements applicable to the Holiday Village development phases at issue in this case requires that all rent and other receipts be deposited in a bank account and then disbursed in accordance with each Regulatory Agreement. This section permits the mortgagor to pay expenses of the development, including escrow deposits and mortgage payments, and provides for payments into the reserve fund for replacement for distributions pursuant to Section 23b and for deposits into the Operating Reserve Account. Although not so designated in each Regulatory Agreement, this has been referred to as the "Operating Account" in the testimony. The "Operating Reserve Account", on the other hand, is established by name in Section 7 of each Regulatory Agreement. Subparagraph b of the section specifies what the funds in this account may be used for. Generally speaking, these funds, with the approval of VHDA, can be used for substantially the same purposes as can the funds in the "Operating Account". However, under this section, the VHDA has more supervision over the disbursement of the funds in that prior approval for such disbursements is required. Additionally, the VHDA has the discretion to direct the use of the funds for the benefit of the tenants of the project.

Although the VHDA exercises more control over the "Operating Reserve Account" than it does over the "Operating Account", this factor does not impair the Court's analysis that the operating funds, be their source from the "Operating Account" or the "Operating Reserve Account", are being used to benefit the taxpayer and thus do not fall into the income exception as set forth in *National Memorial Park, Inc. v. Commissioner of IRS*, 145 F.2d 1008 (4th Cir.1944), discussed in the January 14 Opin-

ion. Therefore, the factual error made in the earlier Opinion in no way invalidates the rationale of the Opinion or the result reached.

■ In their motion, the Plaintiffs argue very strenuously that control is the big factor in determining whether receipts are income and that since the funds going into the two accounts are beyond the control of the taxpayers, they should not be counted as income. The Government counters with the argument that control is of no moment because the taxpayers' actions were an assignment of compensation and, therefore, the proper disposition of the present matter is governed by the Supreme Court's conclusions in *United States v. Basye,* 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973). Both sides overstate their position. In pressing their argument that control is the deciding factor, Plaintiffs ignore the language in *National Memorial Park,* 145 F.2d at 1012, where the Fourth Circuit said that receipts shall be counted as income unless: (1) a trust is created, (2) the taxpayer is bound by the agreement to pay sums into the trust fund, (3) such trust fund is entirely beyond taxpayer's control, and (4) the principal and income from such trust *cannot* inure to the benefit of the plaintiff. Plaintiffs' argument simply ignores the fourth requirement. Therefore, the receipts deposited into the two funds do not fall within the exception. The Government, on the other hand, seeks to place this case in the same category as those cases such as *Basye* where there has been a deliberate act on the part of the taxpayer to shift compensation from himself to some other place and still retain the benefits of the compensation. The facts in this case do not justify such a conclusion. It is clear that the VHDA imposed these requirements that deposits be made to these funds and insisted that the Plaintiffs abide by them. The regulations were not a device or scheme concocted by the Plaintiffs in order to shift income.

■ Finally, the Plaintiffs urge that the Court is in error in concluding that the funds from the "Operating Reserve Account" and the "Replacement Reserve Ac-

count" inure to the benefit of the Plaintiffs. This argument simply does not comport with the language of the Regulatory Agreements. It is clear from this language that both reserve funds are for the benefit of the project and also benefit the Plaintiffs either directly or indirectly. Plaintiffs urge that there is a possibility that VHDA can, under Section 7b(iii), use funds from the "Operating Reserve Account" that would be of no benefit to the project. I doubt that a proper construction of the Regulatory Agreements would permit such action. However, assuming that it would, the Plaintiffs have the obligation of showing that the principal and income from such trust *cannot* inure to the benefit of the Plaintiffs. *See National Memorial Park, supra,* and *American Cemetery Co. v. United States,* 28 F.2d 918, 919 (D.Kan. 1928). This they simply have not done.

For the foregoing reasons, the Plaintiffs' Motion to Alter Judgment is DENIED.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.